UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                                      16-cr-0212 (LAK)

EMILE ANDERSON,

                             Defendant.
------------------------------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Defendant was convicted on his plea of guilty of one count of conspiracy to engage in racketeering and one count of using, carrying and possessing firearms in connection with that conspiracy. He was sentenced in 2017 principally to consecutive terms of imprisonment totaling 66 months.

        The Court is in receipt of an unsigned letter, purportedly from Kyiesha Anderson, who appears to be defendant's sister. The letter states that the defendant has asthma, asserts that this places him at greater risk of contracting the COVID-19 virus, and asks that defendant be tested and released. The Court construes this as a request for compassionate release.

        I put to one side the fact that question whether defendant's sister has standing to seek relief on his behalf. I put aside also that while asthma initially was a condition thought to place its sufferers at higher risk either of becoming infected with the virus, of an adverse outcome if infected with it, or both, more recent medical information widely disseminated in the press casts significant doubt on these earlier suppositions. But it is unnecessary to engage with either issue.

        Under 18 U.S.C. § 3582(c), which was amended as part of the First Step Act, a defendant serving a sentence in federal custody may move the court for compassionate release. But it may do so only if the defendant first has (1) exhausted his administrative remedies for compassionate release within the Bureau of Prisons ("BOP") or (2) applied to the warden of the institution in which he or she is confined for compassionate release and thirty days have elapsed since the receipt of the application by the warden. The earlier of these two dates controls.

        In this case, the Court has been provided with no reason to believe that the defendant or anyone authorized to act on his behalf has applied to the BOP generally or the warden in particular for compassionate release. While there may be circumstances in which a court could be

justified in excusing a failure to exhaust administrative remedies outlined above, a question on which I need not now pass, this Court declines to do so in all the circumstances of this request.

This is not to say that the Court is unsympathetic to the concerns of inmates during this pandemic. But this is not an appropriate way to pursue compassionate release. The defendant himself is entirely free to apply for compassionate release within the BOP. He is free also to file his own motion with this Court. He may wish to contact the attorney who represented him in the criminal case for assistance.

Application denied without prejudice. Defendant's counsel, Mr. Perlmutter, is directed to send copies of this order to the defendant and his sister.

SO ORDERED.

Dated: April 27, 2020

_____
Lewis A. Kaplan
United States District Judge